**Abatement Order filed March 8, 2011.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-11-00148-CR

_____

### ROGERS HENRY WILLIAMS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1247169**

## ABATEMENT ORDER

Appellant is represented by appointed counsel, **Jules L. Laird, Jr.** On **April 6, 2011**, time to file appellant's brief expired without a brief and no motion for extension of time was filed. *See* Tex. R. App. P. 38.6(a). Counsel and the trial court were notified on April 28, 2011, that no brief had been received. No response from appellant was received. On May 12, 2011, this court abated the appeal and directed the trial court to determine why appellant's brief has not been filed. Appellant then advised this court that he attempted to contact Jules Laird and was informed by family members that he was no longer practicing law due to his ill health. Appellant requested that new counsel be appointed.

Accordingly, on August 11, 2011, this court issued a continuing abatement order directing the trial court to consider appellant's request to appoint new counsel. On August 30, 2011, Jules Laird filed an affidavit advising this court that his health is improving and that he would finalize and file appellant's brief in thirty days. No brief was filed. On December 20, 2011, counsel requested an extension of time to file the brief, and the court granted an extension until January 11, 2012. No brief was filed. On January 19, 2012, the court notified counsel and the trial court that no brief was filed. Counsel filed no response. It has now been **eleven months** since appellant's brief was originally due.

Accordingly, we again abate of this appeal and direct the trial court to, pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine whether current counsel will file a brief on behalf of appellant with no further delay or whether new counsel must be appointed to ensure effective representation of counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **March 30, 2012.**

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental records are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

2

# RULE 38. REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

    (b) *Criminal Cases*.

        (1) Effect. An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

        (2) Notice. If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

        (3) Hearing. In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

        (4) Appellate Court Action. Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.

3